IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CAVIN EARL REED | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:07cv704-RHW |
| HARRISON COUNTY, MISSISSIPPI, *et al.* | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

Before the Court are [51] and [54], motions for summary judgment filed July 9, 2008, by Defendants Lieutenant Jacent Gregory, and by Captain Elaine Lege and Sergeant Melinda Hester, respectively. Lieutenant Gregory filed [57] a joinder in motion [54], as did Harrison County [59]. Although Plaintiff's responses to the motions were due by July 28, 2008,[1] in the more than six months which have elapsed since the motions were filed, Plaintiff has neither responded, nor requested any extension of time to respond to them. Because these are dispositive motions, the Court must address them on the merits. Local Rule 7.2(C)(2).

Plaintiff filed this 42 U.S.C. § 1983 prisoner's civil rights lawsuit June 19, 2007, and amended his complaint [9] on July 27, 2007, complaining that corrections officers at the Harrison County Adult Detention Center (HCADC) failed to protect him and used excessive force in removing him from his cell when he refused their orders to come out of the cell. The Court conducted an omnibus/screening hearing on February 27, 2008. All parties consented to jurisdiction by the United States Magistrate Judge [28]. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. The case was reassigned to the undersigned for all purposes by order [30] of February 28, 2008.

---

[1]Local Rule 7.2(C) and (D), *Uniform Local Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi.*

1

The Facts

This lawsuit arises out of an incident that occurred on November 16, 2006.[2] Cavin Earl Reed was being held in a cell in Block D, Section F (D-F) of the HCADC, awaiting trial on a murder charge.[3] [51-2, p. 16] Michael Tennort was one of three inmates assigned to sleep in the foyer of D-F at that time. Officers Jacent Gregory and Elaine Lege responded to D-F to quell a disturbance being caused by inmate Tennort, who, according to Reed was enraged, screaming and beating on the windows. Reed stated Tennort has psychological problems and is on a lot of medications. [51-2, pp. 20-24] To contain the situation, the officers decided to separate Tennort from other inmates, and Officer Gregory ordered Reed to vacate the cell he was in so they could lock Tennort in it. Reed testified he refused to obey Gregory's order at least four times, telling Officer Gregory, "You ain't going to make me go out there [into the foyer]." [51-2, pp. 25-26] Reed admits he had never been threatened or assaulted by any inmate prior to this incident, nor had he ever had any prior problem with Gregory. [51-2, pp. 27-28, 76]

After arguing with Officer Gregory and refusing to obey his orders, Reed turned to walk away. Gregory stopped him by placing a hand on his shoulder. Reed claims Gregory took out his Taser and "slightly tased" him in the stomach area. In his deposition, Reed testified Gregory tried to shoot him with the taser, but missed. [51-2, p. 34] Officer Gregory's July 9, 2008 affidavit [51-4], as well as his Narrative Report [54-5] and Use of Force Report [54-10] which were prepared the same day as the incident, state that Reed was cursing, and moving toward

---

[2]Plaintiff states the date of the incident as November 20, 2006. Evidence before the Court, including records and reports prepared the same day, indicate the incident occurred on November 16, 2006. [54-5; 54-6; 54-7; 54-9]. Reed was issued a Rule Violation Report on 11/20/2006. [1-2, p. 8; 54-11]

[3]Reed was convicted of murder on March 20, 2008.

2

Gregory in an aggressive manner when Gregory took out his Taser, but that Gregory actually stunned himself by placing his own fingers over the Taser to prevent its coming into contact with Reed. Officer Lege's Narrative Report [54-6] states that Reed said, "That motherf***ing Taser did nothing to me." And the nurse's notes entered in Reed's records on the date of the incident state that Reed "denies any pain or discomfort," that the nurse checked Reed for injuries, and found no evidence of injury to Reed's back, chest, abdomen or arms. [51-3]

Reed testified that as he ran past Lege, she grabbed his shirt and stood him in front of the foyer door to restrain him. [51-2, p. 34] When Reed refused to obey her orders to get on his knees, Gregory did a leg sweep to take Reed to his knees so he could be handcuffed. [54-5 and 54-6] Reed testified that as he fell, his eye hit the door, however the claimed injury resolved without any need for medical attention. [51-2, pp. 49, 57-59] Ultimately, the officers placed both Tennort and Reed in the cell. By his own testimony, Reed was not injured in any way during the one to three days he was housed in the cell with Tennort. [51-2, p. 42]

Reed concedes that Gregory and Lege were just doing their jobs in attending to the situation with Tennort, but contends they had no right to require him to leave his cell because he was on protective custody status. The evidence before the Court, particularly the affidavit of Beth Desper, the jail classification officer at the pertinent time, establishes that Reed was *not* on protective custody at the time of this incident. [55-4]

Reed admits the entire incident occurred because Tennort was noncompliant, the officers needed a cell to lock Tennort down, and he (Reed) refused to give them his cell. He takes the position that the officers were precluded from using any physical force against him for refusing to obey orders; that physical force is warranted only if an inmate is physically combative. [51-2,

3

pp. 49-50] Reed claims only Gregory used excessive force, and that both Gregory and Lege failed to protect him and were deliberately indifferent to his safety. [51-2, pp. 60, 62-63]

On November 28, 2006, Reed requested, and was placed on, protective custody for the first time. [54-4, pp. 2-3] On November 29, 2006, Officer Melinda Hester, unaware that Reed had been placed on protective custody, required Reed to vacate his cell so that she could lock down another noncompliant inmate. [54-12] Reed was housed in the foyer area for a matter of hours, and was placed back in his cell the following morning. He admittedly sustained no injury during that time, but has sued Officer Hester for failing to protect him. [51-2, pp. 43-47]

## Summary Judgment Standard

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). On a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby,* 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). Rule 56(e) provides in part:

> When a motion for summary judgment is made and supported as provided by this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a

<u>genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.</u>

Fed. R. Civ. P. 56 (e) (emphasis added).  Thus, when a motion for summary judgment is filed and is accompanied by competent supporting evidence, a court may grant the motion if the opposing party fails to present controverting evidence.  Fed. R. Civ. P. 56 (e).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir.), *cert. denied*, 506 U.S. 973, 113 S. Ct. 462, 121 L. Ed. 2d 371 (1992).

The moving party must show the absence of a genuine issue of material fact by affidavit or other evidentiary materials.  See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 n.2, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).  For the Court to find there are no genuine material factual issues, the Court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict for him.  *Anderson v. Liberty Lobby,* 477 U.S. 242, 249-50, 106 S. Ct. at 2510-11  (1986).

If the movant meets his burden by proving the absence of a genuine issue of material fact, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994),

*citing Celotex*, 477 U. S. At 325, 106 S. Ct. At 2553-54. The nonmovant cannot discharge this burden by referring to the mere allegations or denials of his pleadings, but must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists. See *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); Fed. R.Civ. P. 56(e). If the nonmovant fails to present evidence showing a genuine issue of material facts exists, "the summary judgment motion must be granted." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## Failure to Protect

The Due Process Clause protects a pretrial detainee from deliberate exposure to violence and injury at the hands of other inmates. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16, 99 S.Ct. 1861, 1872 n.16, 60 L.Ed.2d 447 (1979). To prevail on a claim for failure to protect under 42 U.S.C. § 1983, a prisoner show he was "incarcerated under conditions posing substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998). In *Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995), the Fifth Circuit elaborated on the required showing of deliberate indifference, stating:

> In order to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference.'

*Id.*, 59 F.3d at 533 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994)). Negligent failure to protect a pretrial detainee from attack will not justify liability

6

under section 1983. *Hare v. City of* Corinth, 74 F.3d 633, 645 (5th Cir. 1996); *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

In the instant case, Reed premises his failure to protect claims against Officers Gregory and Lege on an erroneous assumption that he was on protective custody on November 16, 2006. Even if that fallacy did not exist, Reed has presented no proof of either of the required elements of a failure to protect claim under § 1983. He has not shown he was incarcerated under conditions posing substantial risk of serious harm, nor has he presented any evidence to show that the officers knew of and deliberately disregarded a threat to his safety. Indeed, Reed admitted he had never been threatened or assaulted by any inmate or by Officer Gregory. Finally, Reed admittedly sustained no injury from being removed from his cell by Officers Gregory and Lege; he was not injured in any way by being housed for a few days with inmate Tennort. Furthermore, Reed admittedly sustained no injury from again being removed from his cell for a few hours by Officer Hester on November 29, 2006, when, unbeknownst to Hester, Reed was on protective custody. The Court finds that Reed has failed to come forth with any evidence to support his failure to protect or deliberate indifference to safety claims as to any of the officers.

Reed has also presented no evidence that the HCADC had any policy in effect which resulted in violation of his constitutional rights. Reed's own testimony makes it plain that the incident with Gregory and Lege resulted from his refusal to obey their orders rather than any official jail policy, custom or practice, and demonstrates that he cannot prove the essential elements of a § 1983 claim against Harrison County for failure to protect or deliberate indifference to safety. Reed has presented evidence of none of the essential elements of a § 1983 municipal liability claim, *i.e.*, proof of the existence of a policy maker, the existence of an

7

official policy, and the violation of constitutional rights whose "moving force" is the policy or custom. *See*, *Monell v. New York City Dep't of Social Serv*., 436 U.S. 658, 690-94 (1985). The evidence before the Court makes summary judgment for all defendants appropriate as to these claims.

**Excessive Force**

The plaintiff claims that Officer Gregory violated his constitutional rights by using excessive and unnecessary force and that as a result of Gregory's actions, he suffered injury. While inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution, in order to prove a constitutional violation, Reed was required to show that Gregory unnecessarily and wantonly inflicted pain on him. Mere negligence is not a sufficient basis for liability on a Plaintiff's excessive force claim.

Whether a use of force against a prison inmate is unnecessary or wanton depends on whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm. To prove a constitutional violation for use of excessive force, Reed bore the burden of presenting evidence that Officer Gregory inflicted unnecessary and wanton pain upon him, *i.e.*, Gregory's conduct must have involved more than ordinary lack of due care for Reed's safety. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Injury which results from an officer's mere inadvertence or good faith mistake is insufficient to make out a constitutional claim. *Id*. Reed admits Gregory was doing his job in trying to resolve the disturbance caused by Tennort; he concedes that the officers needed a cell to lock Tennort down away from other inmates; yet he blatantly and repeatedly refused to obey their orders to vacate his cell so they could confine Tennort. The evidence before the Court plainly demonstrates that

8

Gregory and Lege were acting in good faith to restore discipline and order in D-F, that Reed's refusal to obey orders exacerbated the situation, and that Gregory's leg sweep which caused Reed to fall and bump his eye was not done maliciously and sadistically for the purpose of causing Reed harm, but to make him comply with the officers' orders. Reed admits the entire incident would not have occurred if he had simply followed the officers' orders to come out of his cell. Reed sustained no injuries which were visible to the nurse who, at the request of the officers, examined Reed immediately following the incident, nor did Reed seek any medical attention for any injury. Under the facts established by the evidence before the Court, Reed's injury, if any, was *de minimus*. Reed has failed to come forward with evidence that Gregory's use of force was clearly excessive to the need and was objectively unreasonable, and that it constituted an unnecessary and wanton infliction of pain. The Court finds that Reed has failed to provide evidence of a constitutional violation for use of excessive force. Even if that were not the case, the Court would find Gregory entitled to qualified immunity under the circumstances here presented. *See*, *Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993). It is therefore,

**ORDERED AND ADJUDGED**, that the Defendants' motions for summary judgment are granted, and judgment shall be entered in favor of all Defendants.

SO ORDERED, this the 30th day of January, 2009.

                                                 /s/ *Robert H. Walker*
                                                 ROBERT H. WALKER
                                                 UNITED STATES MAGISTRATE JUDGE